Filed 3/21/24  P. v. Verkade CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE, | D081035 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No.  SCN290070) |
| JOSEPH ROBERTSON VERKADE, | |
| Defendant and Appellant. | |


APPEAL from an order of the Superior Court of San Diego County, Robert J. Kearney, Judge.  Affirmed.

Edward Mahler, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Daniel Rogers, and Vincent P. LaPietra, Deputy Attorneys General, for Plaintiff and Respondent.

In 2013, a jury convicted Joseph Robertson Verkade of first degree murder (Pen. Code,[1] § 187, subd. (a)). The jury found true the allegation that Verkade intentionally and personally discharged a firearm in the commission of the offense (§ 12022.5, subd. (c)) and intentionally and personally discharged a firearm causing great bodily injury or death during the commission of the offense (§ 12022.5, subd. (d)). The jury also found true two special circumstances allegations: (1) the murder was committed during the commission or attempted commission of a robbery, in violation of section 211, within the meaning of section 190.2, subdivision (a)(17); and (2) the murder was committed during the commission or attempted commission of a burglary, in violation of section 459, within the meaning of section 190.2, subdivision (a)(17).

The court sentenced Verkade to prison for life without the possibility of parole.

Verkade appealed his conviction, and we affirmed the judgment in an unpublished opinion. (See *People v. Verkade* (Aug. 17, 2015, D064499).)

On December 28, 2021, Verkade filed a petition for resentencing under section 1172.6 (formerly section 1170.95).[2] The superior court appointed counsel and received briefing on the matter. Without holding an evidentiary hearing, the court dismissed the petition for failing to state a prima facie case for relief.

Verkade appeals the court's order denying his section 1172.6 petition, contending the court improperly relied on our opinion in Verkade's direct

---

[1]    Statutory references are to the Penal Code unless otherwise specified.

[2]    Assembly Bill No. 200 (Stats. 2022, ch. 58, § 10) renumbered section 1170.95 to 1172.6, effective June 30, 2022.

appeal and made findings of fact that were not appropriate at the prima facie stage of Verkade's petition. We disagree and affirm the order.

FACTUAL AND PROCEDURAL BACKGROUND

The amended information charged Verkade with murder, attempted robbery, and burglary. Among other allegations, the amended information included the allegation that Verkade, in the commission of each of the charged offenses, "intentionally and personally discharged a firearm, to wit: a sawed-off shotgun, and proximately caused great bodily injury and death to a person (other than an accomplice), within the meaning of PENAL CODE SECTION 12022.53[, subdivision] (d)."

The trial court instructed the jury on two theories of murder: malice aforethought (CALCRIM No. 520) and felony murder (CALCRIM No. 540A). The felony murder instruction was only based on the theory that Verkade killed the victim in the commission of an attempted robbery or burglary. The court separately instructed the jury on aiding and abetting (CALCRIM No. 401), attempt (CALCRIM No. 460), robbery (CALCRIM No. 1600), and burglary (CALCRIM No. 1700).

In addition, the court instructed the jury under CALCRIM No. 3149 regarding personal use of a firearm causing injury or death per section 12022.53, subdivision (d). Pursuant to that instruction, the court informed the jury it could only find the allegation true if the prosecution proved: (1) Verkade personally discharged a firearm during the commission or attempted commission of the charged crime; (2) Verkade intended to discharge the firearm; and (3) Verkade's act caused great bodily injury to or the death of a person who was not an accomplice to the crime.

3

Among other crimes, the jury convicted Verkade of first degree murder and found true that, in the commission of murder, he personally used a firearm causing great injury or death.

Following his conviction and as we discuss *post*, the Legislature narrowed the scope of liability for felony murder and abolished liability for murder based on the natural and probable consequences doctrine. (See, generally, § 1172.6.)

Verkade then filed a form petition for resentencing under section 1172.6. He checked boxes stating that he was convicted of murder on a theory of felony murder or the natural and probable consequences doctrine, and could not now be convicted of first or second degree murder because of changes made to sections 188 and 189, effective January 1, 2019. He also requested counsel.

The People filed a response asking the court to deny the petition. The People's primary argument was that Verkade was not eligible for relief under section 1172.6 because he was the actual killer: He shot the victim in the chest with a shotgun, killing him. The People attached several documents to their response, including the amended information, minutes from the rendering of the jury verdict, the completed verdict forms, the minute order of Verkade's sentencing hearing, and our unpublished opinion in *People v. Verkade*, *supra*, D064499.

Verkade, now represented by counsel, filed a reply to the People's initial response. The reply included a generalized discussion of the requirements for stating a prima facie case for relief under section 1172.6 and the People's burden of proof at an evidentiary hearing, but said nothing specific about Verkade's case.

4

The superior court held a prima facie review hearing where it explained that it would not consider the facts as stated in our opinion in *People v. Verkade, supra,* D064499. In addition, although the court recalled that the instant matter was tried before it, the court agreed that it would not rely on its recollection of the evidence presented at trial to determine whether Verkade made a prima facie case for relief under section 1172.6. After some exchanges with counsel and discussion of the jury instructions and the prosecution's theory of the case, the court denied the petition, explaining:

> "So just looking at the record, separating myself as the trial judge, I think that the record, based on the jury instructions given and the findings by the jury, preclude [Verkade] from going forward, because he is—he has been found to be the actual killer."

Verkade timely appealed the order. While this case was pending, we granted Verkade's motion to augment the record with the jury instructions provided at his trial.

DISCUSSION

Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill 1437) was enacted to " 'amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' (Stats. 2018, ch. 1015, § 1, subd. (f).)" (*People v. Martinez* (2019) 31 Cal.App.5th 719, 723.) Senate Bill 1437 did this by amending section 188, which defines malice, and section 189, which defines the degrees of murder. (Stats. 2018, ch. 1015, §§ 2 & 3.) Amended section 188 states: "Except as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or

5

her participation in a crime." (§ 188, subd. (a)(3).) Amended section 189 states: "A participant in the perpetration or attempted perpetration of a felony listed in subdivision (a) in which a death occurs is liable for murder only if one of the following is proven: [¶] (1) The person was the actual killer. [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. [¶] [or] (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2." (§ 189, subd. (e).)

Senate Bill 1437 also established resentencing relief for eligible defendants. (§ 1172.6, subd. (a); *People v. Strong* (2022) 13 Cal.5th 698, 707–708.) Under subdivision (a), "[a] person convicted of felony murder or murder under a natural and probable consequences theory may file a petition" with the sentencing court to have his or her murder conviction vacated and to be resentenced on any remaining counts "when all of the following conditions apply: [¶] (1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine. [¶] (2) The petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder. [¶] (3) The petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019" under Senate Bill 1437.

A petition for relief must contain: (1) a declaration by the petitioner that he or she is eligible for relief under section 1172.6; (2) the superior court

6

case number and year of petitioner's conviction; and (3) whether the petitioner requests counsel. (§ 1172.6, subd. (b)(1)(A)–(C).) If the petitioner requests counsel, the trial court must appoint one. (See *People v. Lewis* (2021) 11 Cal.5th 952, 970 (*Lewis*); § 1172.6, subd. (b)(3).)

Within 60 days after service of a sufficient petition, "the prosecutor shall file and serve a response. The petitioner may file and serve a reply within 30 days after the prosecutor's response is served. . . . After the parties have had an opportunity to submit briefings, the court shall hold a hearing to determine whether the petitioner has made a prima facie case for relief." (§ 1172.6, subd. (c).) The court may deny a petition without an evidentiary hearing where the record establishes the petitioner is ineligible as a matter of law. (*Lewis*, *supra*, 11 Cal.5th at pp. 970–972.)

If the defendant makes a prima facie showing of entitlement to relief, the court must issue an order to show cause and hold an evidentiary hearing. (§ 1172.6, subds. (c), (d)(3).)[3]

We review the challenged order de novo. (*People v. Harden* (2022) 81 Cal.App.5th 45, 52 (*Harden*); *People v. Coley* (2022) 77 Cal.App.5th 539, 545.)

In its verdict on the murder charge, the jury found Verkade guilty of first degree murder in violation of section 187, subdivision (a), and found that in committing the murder he personally and intentionally discharged a firearm and proximately caused great bodily injury or death within the meaning of section 12022.53, subdivision (d). The verdict thus established a killing (§ 187, subd. (a) [murder is unlawful killing of human being with malice aforethought]) that Verkade himself caused by discharging a firearm

[3] On October 5, 2021, the Governor signed Senate Bill No. 775 (Senate Bill 775) into law, and its amendments to section 1172.6 became effective on January 1, 2022. None of the changes under Senate Bill 775 are relevant to the instant action.

(see *Harden*, *supra*, 81 Cal.App.5th at p. 55 ["natural meaning of 'personally inflicted' is that the defendant herself inflicted the injury"]).  In other words, the verdict established that Verkade was the "actual killer."  (See *People v. Cornelius* (2020) 44 Cal.App.5th 54, 56, 58 [by finding defendant guilty of murder and finding section 12022.53, subdivision (d) allegation true, "the jury implicitly found [defendant] was the 'actual killer' "];[4] Webster's 3d New Internat. Dict. (2002) pp. 22 [defining "actual" as "existing in act <our ~ intentions>: existent — contrasted with potential and possible"], 1242 [defining "kill" as "cause the death of" and "killer" as "one that kills"].)

As discussed *ante*, the jury was instructed on two theories of murder: killing with malice aforethought and felony murder.  Although the verdict on the murder charge does not state which theory the jury adopted, Verkade would not be entitled to relief under section 1172.6 on either theory.  If the jury found him guilty on a malice theory, he would be ineligible for resentencing because section 1172.6 applies only when the petitioner's murder conviction was based on felony murder, the natural and probable consequences doctrine, or another theory under which malice is imputed based solely on the petitioner's participation in a crime.  (§ 1172.6, subd. (a); *Harden*, *supra*, 81 Cal.App.5th at p. 53.)  If the jury found Verkade guilty of felony murder, he would also be ineligible for resentencing because, under the legislation that narrowed the scope of liability for felony murder, the actual

___

4      Our high court granted review in *Cornelius* and held that matter for resolution of *Lewis*, *supra*, 11 Cal.5th 952; however, the Supreme Court subsequently dismissed the petition for review in *Cornelius*, remanded the matter, and deemed the case "non-citable and nonprecedential 'to the extent it is inconsistent with' [the] decision in *Lewis*."  (*People v. Cornelius* (Oct. 27, 2021, S260410).)  The trial court in *Cornelius* did not appoint counsel and denied Cornelius's petition.  (*Cornelius*, *supra*, 44 Cal.App.5th at pp. 56–57.)

killer remains liable. (§ 189, subd. (e)(1), as amended by Stats. 2018, ch. 1015, § 3; *People v. Garcia* (2022) 82 Cal.App.5th 956, 973; *Harden*, at p. 53.) The felony murder instruction provided to the jury here only allowed a juror to find Verkade guilty of murder if he caused the death of another person in the process of committing or attempting to commit robbery or burglary. Hence, based on the verdicts and jury instructions, the trial court correctly denied Verkade's section 1172.6 petition.

Nonetheless, Verkade insists the record of conviction does not establish, as a matter of law, that he was the actual killer and therefore is not entitled to resentencing. To this end, Verkade asserts the superior court "placed considerable weight that Mr. Verkade had not checked boxes on the pre-printed form petition that he was not the actual killer[.]" The record, however, belies this contention. Indeed, the superior court explicitly stated that it would not have changed its analysis had Verkade checked the box indicating that he was not the actual killer. The court explained:

> "In some case you have two people using a gun. One waves it around; one shoots. But both of them have personal use of a firearm. Okay. But one shot the person; one didn't. In this case nobody else was ever alleged for—charged with any firearm offenses except for [Verkade]."

Verkade also argues that the superior court improperly relied on the facts as set forth in our opinion in *People v. Verkade*, *supra*, D064499. Not so. The superior court specifically stated it had not reviewed the opinion and was not relying on it in evaluating Verkade's petition for resentencing.

In addition, we disagree with Verkade that the superior court made any factual findings in this matter. The type of factfinding prohibited at the prima facie review stage " 'involv[es] the weighing of evidence or the exercise of discretion.' " (*Lewis*, *supra*, 11 Cal.5th at p. 972.) The superior court did not weigh any evidence or exercise any discretion in denying Verkade's

9

resentencing petition. It heard counsel's arguments based on the jury instructions and verdicts, reviewed the verdicts, and determined the jury had found Verkade was the actual killer and thus ineligible for relief under section 1172.6. "[T]he parties can, and should, use the record of conviction to aid the trial court in reliably assessing whether a petitioner has made a prima facie case for relief under subdivision (c)." (*Lewis*, at p. 972; see *Harden, supra*, 81 Cal.App.5th at pp. 47–48, 51–52 [court may consider jury instructions and verdicts at prima facie review stage].) There was no error in doing so in this case.[5]

Finally, our analysis here does not change if we consider *People v. Offley* (2020) 48 Cal.App.5th 588 (*Offley*) as Verkade urges us to do. Verkade cites that case for the proposition that a true finding under section 12022.53, subdivision (d) "does not categorically bar a defendant from relief under section 1172.6." *Offley*, however, is not on point here. In that case, the issue was not whether the defendant was the actual killer, but whether he acted with actual malice. Offley was one of five defendants who took part in a gang-related shooting that resulted in a death. (*Offley*, at p. 592) The trial court instructed the jury that a member of a conspiracy is liable not only for the particular crime he knows his coconspirators agreed upon and committed, but also for the natural and probable consequences of any crime a coconspirator committed to further the objective of the conspiracy. (*Id.* at p.

---

5      We acknowledge that the superior court stated: "So my understanding is at this point, if there is a factual discrepancy, I'm entitled to select that which I think is correct if in essence there's something in the record that overrules his allegations." We do not read the court's comments as an indication that the court was making an improper factual finding at the prima facie stage. Rather, the court was explaining that it did not have to accept Verkade's petition as true if the record of conviction contradicted it and showed Verkade's representations were refuted as matter of law. This is the correct approach. (See *Lewis, supra*, 11 Cal.5th at pp. 970–972.)

593.) The jury found Offley guilty of murder and found true the attached enhancement allegation that his personal and intentional discharge of a firearm proximately caused the victim's death. (*Ibid*.) The Court of Appeal concluded that because the finding on the firearm enhancement allegation did not establish that Offley acted with malice aforethought, and the jury could have found him guilty of murder based solely on his participation in a conspiracy to commit assault with a firearm, he was not ineligible for relief as a matter of law. (*Id*. at pp. 598–599.) Unlike in *Offley*, the jury in Verkade's case was not instructed on a conspiracy theory or on the natural and probable consequences doctrine through which malice could be imputed to him based on his participation in a crime other than the murder. Instead, as we have explained, Verkade was tried for murder on theories of malice aforethought and felony murder, and under either theory the jury's finding that he personally caused the victim's death by shooting him makes Verkade ineligible for resentencing under section 1172.6 as a matter of law. (See *Harden, supra*, 81 Cal.App.5th at p. 56, fn. 9 [distinguishing *Offley*].)

In summary, we agree with the superior court that Verkade was ineligible for resentencing under section 1172.6 because "the jury instructions and verdicts *conclusively* establish—with no factfinding, weighing of evidence, or credibility determinations—that [he] was convicted as the actual killer." (*Harden, supra*, 81 Cal.App.5th at p. 47.)

## DISPOSITION

The order is affirmed.

HUFFMAN, Acting P. J.

WE CONCUR:


IRION, J.


KELETY, J.